IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARMEN WATSON,

    Plaintiff,

v.                                        Case No. 18-4137-CM

MYLAN PHARMACEUTICALS, INC.,
et al.,

    Defendants.

## ORDER

Pursuant to Fed. R. Civ. P. 26, defendants Mylan Pharmaceuticals Inc., Mylan N.V., and Catalent Pharma Solutions (collectively, "Mylan") have filed a motion to stay discovery (ECF No. 24) pending a ruling on their motion to dismiss the complaint (ECF No. 17). Plaintiff opposes the motion, claiming there's no basis to stay discovery.[1] The motion to stay is granted.

It has long been the general policy in the District of Kansas not to stay discovery even if a dispositive motion is pending.[2] But four exceptions to this policy are recognized. A discovery stay may be appropriate if: (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not

---

[1] The individual defendants, Rajiv Malik and Heather Bresch, have not filed a response to the motion to stay. Their recently-filed motion to dismiss (ECF No. 26), however, asserts that the granting of Mylan's motion to dismiss would result in the dismissal of the individual defendants (and incorporates Mylan's dispositive motion by reference).

[2] *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit.[3] The decision whether to stay discovery rests in the sound discretion of the district court.[4] As a practical matter, this calls for a case-by-case determination.

Upon review of the instant motion and the pending dispositive motion, the court concurs with Mylan that a stay of discovery is warranted until the court rules the pending dispositive motion. Mylan contends the action should be dismissed as preempted and inadequately pleaded, and because it is barred by the statute of limitations and res judicata. Mylan's motion to dismiss, if granted, would dispose of the entire case. Plaintiff does not suggest that discovery is needed to resolve the motion to dismiss, which is now fully briefed. Thus, broad discovery at this point would be wasteful and burdensome.

In consideration of the foregoing, and upon good cause shown,

IT IS HEREBY ORDERED:

1. Mylan's motion to stay is granted.

2. All pretrial proceedings in this case, including discovery and initial disclosures, are stayed until further order of the court.

---

[3]*Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297–98 (D. Kan. 1990)); *Siegert v. Gilley*, 500 U.S. 226, 232–33 (1991) ("'Until this *threshold* immunity question is resolved, discovery should not be allowed.'" (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (emphasis in original)).

[4]*Clinton v. Jones*, 520 U.S. 681, 706 (1997).

3. Within 14 days of the ruling on the pending motion to dismiss, the pro se plaintiff and counsel for any party remaining in the case shall confer and submit a Rule 26(f) planning meeting report to the undersigned's chambers.

Dated February 1, 2019, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge