**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| CARMEN WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 18-04137-CM-JPO |
| MYLAN PHARMACEUTICALS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Pro se plaintiff Carmen Naomi Watson, proceeding in forma pauperis, brings this product liability action against defendants, Mylan Pharmaceuticals, Inc., several related companies, and two executives of Mylan N.V. ("Executive Defendants").[1] Three corporate defendants and Executive Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff's claims are preempted, barred by claim preclusion, and inadequately pleaded. (Docs. 17, 26.) Plaintiff moves to strike Executive Defendants' motion to dismiss, for default judgment against Executive Defendants, and both objects to and moves to vacate the magistrate judge's order staying discovery. (Docs. 29, 30, 31.)

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges multiple claims against defendants including failure-to-warn and failure-to-update, breach of express and implied warranty, and negligence. Each of plaintiff's claims are based

---

[1] Named defendants are corporate defendants Mylan Pharmaceuticals, Inc., Mylan N.V., Catalent Pharma Solutions ("Catalent"), Mylan Labs, Genpharm, Bertek, Merck, and Mylan Inc., and Executive Defendants Heather Bresch and Rajiv Malik. Only Executive Defendants and corporate defendants Mylan Pharmaceuticals, Inc., Mylan N.V., and Catalent have been served and now move to dismiss.

-1-

on injuries allegedly resulting from her 2014 use of defendants' Amnesteem product, an FDA-approved generic of the anti-acne drug Accutane.

Plaintiff filed a substantively similar state law failure-to-warn action against defendants Mylan Pharmaceuticals, Inc. and Mylan Inc. in the District of Kansas on June 21, 2016. *Watson v. Mylan Pharm., Inc.*, No. 16-2449-CM, 2016 WL 6996263, at *1 (D. Kan. Nov. 30, 2016). The court entered judgment against plaintiff, dismissing her claims on the basis of federal preemption, on November 30, 2016. *Id.* at *5. Plaintiff appealed, and the Tenth Circuit affirmed the court's judgment on July 13, 2017. *Watson v. Mylan Pharm., Inc.*, 701 F. App'x. 729, 730–31 (10th Cir. 2017). Plaintiff now alleges her injuries have worsened and argues that she may pursue another claim based on her same use of defendants' drug, under the theory that defendants failed to update the warnings of their generic drug. Plaintiff again claims against defendant Mylan Pharmaceuticals, Inc., but now adds Executive Defendants and multiple corporations affiliated with Mylan.

The procedural history of both the previous case and the instant action are quite similar. In the original action, plaintiff opposed the magistrate judge's order staying discovery and moved for default judgment against the defendants, though the defendants had timely responded. Plaintiff again opposes the magistrate judge's order staying discovery, again moves for default judgment against defendants who have timely responded, but now adds a motion to strike Executive Defendants' motion to dismiss.

## II. LEGAL STANDARDS

On a motion to dismiss under Rule 12(b)(6), the court assumes true all well-pleaded facts in the complaint, disregards all legal conclusions worded as factual allegations, and grants the plaintiff all reasonable inferences from the pleadings. *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," not merely possible. *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (citing *Bell Atl. Co. v. Twombly*, 550 U.S. 544, 570 (2007)) (quotation marks omitted); *see Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). When a plaintiff proceeds pro se, the court construes his or her filings liberally, but does not assume the role of an advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III. DISCUSSION

Before proceeding to defendants' motions to dismiss under Rule 12(b)(6), the court will briefly resolve plaintiff's multiple motions and objection to the magistrate judge's order.

#### A. Motion for Default Judgment

Plaintiff moves for default judgment against Executive Defendants, arguing that Executive Defendants' motion to dismiss is untimely. (Doc. 31.) Before proceeding to default judgment, Rule 55 requires that a party "has failed to plead or otherwise defend," and otherwise does not apply. Fed. R. Civ. P. 55.

Executive Defendants were never properly served with process, but waived service on November 27, 2018. (Docs. 8–9.) After waiving service, Executive Defendants were required to file and serve an answer or Rule 12 motion within 60 days of their waivers—on or by January 19, 2019. (*Id.*) Executive Defendants filed their motion to dismiss (Doc. 26) on January 19, 2019, as required by the terms of their waivers, so have not failed to plead or otherwise defend. Plaintiff's motion for default judgment is therefore denied.

#### B. Motion to Strike

Plaintiff attempts to move, in her reply memorandum, to strike Executive Defendants' motion to dismiss. (Doc. 29.) Although the court may summarily deny plaintiff's motion as improperly filed, the court alternatively denies plaintiff's motion for the reasons below. *See* D. Kan. Rule 7.4(a).

On motion or sua sponte, "the court may strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). Rule 7 allows seven types of pleadings and distinguishes pleadings from motions and other papers, such as motions to dismiss. Fed. R. Civ. P. 7. Motions to strike are disfavored and the striking of an affirmative defense, even properly from a pleading, is considered a "drastic remedy." *Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1259 (D. Kan. 2011). Because plaintiff has moved to strike a motion, rather than material contained in a pleading, the court denies plaintiff's motion.

### C. Objection and Motion to Vacate

Plaintiff objects to the magistrate judge's order staying discovery and asks the court to vacate the magistrate judge's order as allegedly erroneous and issued without party consent under 28 U.S.C. § 636(c). (Doc. 30.) A party may file objections to a magistrate judge's non-dispositive order, and the court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). The clearly erroneous standard requires the court to affirm the magistrate judge's order unless, on the entire evidence, the court "is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The error plaintiff alleges is that she did not consent to civil trial before a magistrate judge, so the magistrate judge could not issue the order resolving a standard non-dispositive discovery motion in her case. (Doc. 30, at 2–5.) Plaintiff confuses the power of a magistrate judge to decide non-dispositive pretrial matters, which may be done without party consent, with the consent-based power under Section 636(c) to conduct "any or all" proceedings in a civil matter. 28 U.S.C. § 636(c); *see First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (discussing court's power to designate magistrate judge to consider matters where parties do not consent). Because the magistrate

judge made no error in his order, the court overrules plaintiff's objection and adopts the magistrate judge's order. Plaintiff's motion to vacate is denied.

### D. Defendants' Motions to Dismiss

Three corporate defendants and Executive Defendants move to dismiss for several reasons, including claim preclusion, preemption, and alternatively because plaintiff's claims are outside the statute of limitations. (Docs. 17, 26.)

#### 1. Claim Preclusion

Claim preclusion requires: (1) a judgment on the merits in an earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits. *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 & n.1 (10th Cir. 1999) (noting preference of "claim preclusion" over "res judicata"). The Tenth Circuit has adopted the transactional approach of the Restatement (Second) of Judgments in determining what constitutes identity of the causes of action. *Id.* at 1227; *see Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1239, 1335–36 (10th Cir. 1988). Under the transactional approach, "a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence," and all claims arising out of the transaction "must therefore be presented in one suit or be barred from subsequent litigation." *Nwosun v. Gen. Mills Rest., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997); *see* Restatement (Second) of Judgments § 24 (1982).

A non-party to a prior judgment may raise claim preclusion when that non-party is in privity with a party to that prior judgment. *See Taylor v. Sturgell*, 553 U.S. 880, 893–94 & n.8 (2008) (discussing common close relationships for preclusion and usage of "privity" as interchangeable term). The Tenth Circuit has stated that privity exists between corporations and their parent corporations, subsidiary corporations, executives, and agents. *See Fox v. Maulding*, 112 F.3d 453, 459–60 (10th Cir.

1997) (executives); *Robinson v. Volkswagenwek AG*, 56 F.3d 1268, 1275 (10th Cir. 1995) (parent and subsidiary corporations); *Lowell Staats Mining Co. v. Phila. Elec. Co.*, 878 F.2d 1271, 1276 (10th Cir. 1989) (agents).

The court's order dismissing the original action for failure to state a claim, affirmed by the Tenth Circuit, is a final judgment on the merits in an earlier action. *See Wanjiku v. Johnson Cty.*, 173 F. Supp. 3d 1217, 1225 (D. Kan. 2016); *Watson*, 701 F. App'x at 730 (noting preclusive effect of decision). Although plaintiff now styles her claims as a failure-to-update rather than failure-to-warn, they remain within the same transactional theory of injuries arising from her 2014 use of defendants' generic drug. *See Nwosun*, 124 F.3d at 1257. Only identity of the parties remains in order to show preclusion.

In the original action, plaintiff filed against defendants Mylan Pharmaceuticals, Inc. and Mylan Inc. In the instant action, plaintiff has filed against defendants Mylan Pharmaceuticals, Inc., Mylan N.V., Catalent, Mylan Labs, Genpharm, Bertek, Merck, Mylan Inc., Rajiv Malik, and Heather Bresch. Identity is obvious as to defendants Mylan Pharmaceuticals, Inc. and Mylan Inc. The court briefly looks to privity for defendants Mylan N.V. and Executive Defendants.

Mylan Pharmaceuticals, Inc. is a subsidiary of Mylan N.V. Executive Defendants Bresch and Malik are, respectively, the Chief Executive Officer and President of Mylan N.V. Catalent has served as a contract manufacturer of Mylan's generic Amnesteem, and allegedly served as distributor for the package of Amnesteem that forms the basis of plaintiff's claims.

Under Tenth Circuit precedent, there is privity between the defendants in the prior case and defendant subsidiary corporation Mylan N.V. *See Robinson*, 56 F.3d at 1275. Furthermore, there is privity between defendant Mylan N.V. and Executive Defendants. *See Fox*, 112 F.3d at 459–60. Although defendant Catalent is outside of those relationships expressly recognized by the Tenth

Circuit, the court is persuaded that under these circumstances the relationship and similar litigation interests of a corporation and its contract generic drug manufacturer are sufficiently close to establish privity. *See Taylor*, 553 U.S. at 895.

Because the court concludes that defendants Mylan Pharmaceuticals, Inc., Mylan N.V., Catalent, and Executive Defendants are identical to or in privity with defendants in the original final judgment and plaintiff's current claims arise from the same transaction, plaintiff's claims are barred by claim preclusion.

### 2. Statute of Limitations

For remaining defendants and in the alternative, because plaintiff proceeds in forma pauperis, the court must dismiss plaintiff's action if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). To the extent that plaintiff attempts to bring state law claims as not preempted or subject to claim preclusion, plaintiff cannot overcome the Kansas two-year statute of limitations.

The Kansas Product Liability Act (KPLA) "applies to all theories of product liability . . . and merges them into one single product liability claim subject to the two-year statute of limitations in [Section] 60-513." *Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1158–59 (D. Kan. 2000) (citing *Fennesy v. LBI Mgmt., Inc.*, 847 P.2d 1350, 1355 (Kan. Ct. App. 1993)); *see* Kan. Stat. Ann. § 60-3302(c) (defining "Product liability claim"). A plaintiff's breach of warranty claim in product liability acts as a similarly-limited tort claim when seeking recovery for personal injuries. *See Haysville U.S.D. No. 261 v. GAF Corp.*, 666 P.2d 192, 200–01 (Kan. 1983). In Kansas, the two-year statute of limitations begins to run as soon as "the act giving rise to the cause of action first causes substantial injury." Kan. Stat. Ann. § 60-513(b). A "substantial injury" is one that "justif[ies] an action for recovery of the damages," and does not require a plaintiff to have full knowledge of the

extent of her injuries. *Roe v. Diefendorf*, 689 P.2d 855, 859–60 (Kan. 1984) (construing "substantial injury" in § 60-513(b) to mean "actionable injury").

Plaintiff argues that her claims are not subject to the two-year statute of limitations because her injuries have worsened. This is "a difference of degree" in injury within the limitations of her original claim. *See id.* at 859. Plaintiff filed her original action on June 21, 2016, alleging product liability claims under the KPLA for injuries arising from her use of defendants' generic drug. Plaintiff filed the instant action on November 13, 2018. This shows plaintiff had an actionable injury well over two years before the instant action, so her claims are barred by the statute of limitations.

Plaintiff alternately alleges that equitable estoppel and fraudulent concealment apply to toll the statute of limitations. Equitable estoppel applies "if defendants have induced [the plaintiff] to delay [her] filing of the action either through affirmative acts or through silence concerning material facts when under an affirmative duty to speak." *Zunn Constructors, Inc. v. B.F. Goodrich Co.*, 746 F. Supp. 1051, 1056 (D. Kan. 1990). Fraudulent concealment must be pleaded with particularity and requires a separate and affirmative "act of concealment or misrepresentation designed to prevent, and which does prevent, the plaintiff's discovery of the cause of action." *Rickman v. Cone Mills Corp.*, 129 F.R.D. 181, 184–85 (D. Kan. 1989) (citing *Friends Univ. v. W.R. Grace & Co.*, 608 P.2d 936, 941 (Kan. 1980)). Plaintiff has neither alleged the requirements for equitable estoppel nor pleaded fraudulent concealment with particularity, so the court will not toll the statute of limitations. Plaintiff's filing of the original action on June 21, 2016 additionally shows that under any theory, the statute of limitations—at the latest—began to run on that date. Plaintiff's claims are now barred as untimely.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), because plaintiff's alternative state law action fails to state a claim on which relief may be granted, the court dismisses plaintiff's claims.

### 3. Federal Preemption

In an attempt to avoid claim preclusion and the state law statute of limitations, plaintiff argues that her claims are brought solely under federal law for alleged violations of the Food, Drug, and Cosmetic Act (FDCA). Under the FDCA, all suits based on the enforcement or violation of the Act must be brought either by the United States or by a State in its own name. 21 U.S.C. § 337. The Supreme Court has stated that "[t]he FDCA leaves no doubt that it is the Federal Government rather than private litigants who are authorized to file suit for noncompliance . . . ." *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 349 n.4 (2001) (citing 21 U.S.C. § 337(a)). While the Supreme Court was discussing preemption in medical device claims, the same statutory language applies equally to bar plaintiff's attempted federal law claims. *See id.*

Pursuant to 28 U.S.C. § 1915(e)(2)(B), because plaintiff's attempted federal law action fails to state a claim on which relief may be granted, the court dismisses plaintiff's claims.

**IT IS THEREFORE ORDERED** that plaintiff's motion for default judgment (Doc. 31), motion to strike (Doc. 29), and objection and motion to vacate (Doc. 30) are denied.

**IT IS FURTHER ORDERED** that defendants' motions to dismiss (Docs. 17, 26) are granted.

**IT IS FURTHER ORDERED** that plaintiff's claims against all remaining defendants are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

The Clerk of Court is directed to enter judgment in favor of defendants and against plaintiff.

The case is closed.

Dated this 18th day of July, 2019, at Kansas City, Kansas.

                                                **s/ Carlos Murguia**
                                                **CARLOS MURGUIA**
                                                **United States District Judge**